# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 0:16-cv-60989-BLOOM/White

**RONALD RAY JORDAN**,

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum of Law in Support, ECF No. [13], filed on March 23, 2017 ("Motion"). The Motion was previously referred to the Honorable Patrick A. White for a Report and Recommendation on all dispositive matters. *See* ECF No. [3]. The Motion argues that Movant's attorney failed to provide effective assistance of counsel at sentencing when counsel did not object to alleged lack of compliance with certain requirements of 21 U.S.C. § 851 and that Movant was incorrectly classified as a career criminal. *See* ECF No. [13]. On December 1, 2017, Judge White issued a Report and Recommendation recommending that the Motion be denied. ECF No. [16]. On December 12, 2017, Movant filed timely objections to the Report and Recommendation. ECF No. [17] ("Objections"). In the Objections, Movant argues that Judge White erred in recommending (1) that Movant's claim for ineffective assistance of counsel be dismissed and (2) that the Court find that Movant's classification as a career criminal was not unlawful. *See id.*

The Court has conducted a *de novo* review of Judge White's Report and Recommendation, the Objections, and the record and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge White's Report and Recommendation to be well reasoned and correct.[1] The Court further notes that Movant's reliance on *Edwards v. United States*, No. CV 16-22585-CIV, 2017 WL 1534448 (S.D. Fla. Apr. 28, 2017) in his Motion and Objections is misplaced. Movant argues that "[a]ttempted arson is no longer a crime of violence for career offender classification." ECF No. [13] at 8; *see also* ECF No. [17] at 9. However, in *Edwards*, Judge Scola specifically rejected that portion of the Report and Recommendation which Movant cites:

> The Court finds that the report and recommendation places too much emphasis on the mismatch of the word "unlawfully" in the state-arson context and the word "maliciously" in the generic-arson context. Instead, the Court finds substantial correspondence between the Florida arson statute, under which Edwards was convicted in 1998, and the contemporary, generic arson encompassed in the enumerated-crimes clause of the ACCA. The Court therefore rejects section 6 of the report and recommendation (Rep. & Rec. at 7–8), particularly the magistrate judge's recommendation that Edwards's motion be granted, but adopts the remainder. The Court thus denies Edwards's motion to vacate his sentence.

*Id.* at *4. Accordingly, Judge White correctly gave no weight to this authority as cited by Movant. The Court therefore agrees with the analysis in Judge White's Report and Recommendation and concludes that the Motion must be **DENIED** for the reasons set forth therein.

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge White's Report and Recommendation, **ECF No. [16]**, is **ADOPTED**;

---

[1] The Court notes that a typographical error appears on page 11 of the Report and Recommendation. The passage should read "the movant was considered a career offender because he was at least **21** . . . ," not "81."

2. Defendant's Motion to Vacate or Set Aside Sentence, **ECF No. [13]**, is **DENIED WITHOUT PREJUDICE;**

3. All pending motions are **DENIED AS MOOT**; and

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of December, 2017.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record